# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Duval Clemmons, individually and on behalf
of all others similarly situated,

                     Plaintiff,

          -against-

Upfield US Inc.,

                   Defendant.

Case No. 1:22-cv-00355 (PKC)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

FOLEY HOAG LLP

August T. Horvath
(*ahorvath@foleyhoag.com*)
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0400
Fax: (212) 812-0399

*Attorneys for Defendant Upfield US Inc.*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND..................................................................................................5

ARGUMENT ........................................................................................................................7

**I.**     Plaintiff Has Failed to Allege a Plausible Deception........................................................7

      **A.**     Implausible False Labeling Theories Can Be Dismissed as a Matter of Law at the Pleading Stage ..................................................................................................7

      **B.**     Plaintiff Has No Factual or Reasonable Basis to Allege that the "Made With Olive Oil" Statement Implies Any Specific Amount of Olive Oil .........................9

      **C.**     Plaintiff Has No Factual or Reasonable Basis for His Assumption that the Product has an Insignificant Amount of Olive Oil ...............................................11

**II.**    Plaintiff's Claims Are Expressly Preempted ................................................................14

**III.**   Plaintiff Has No Standing to Seek Injunctive Relief .......................................................17

**IV.**    Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate ............19

      **A.**     Plaintiff Fails to State a Claim for Negligent Misrepresentation...........................19

      **B.**     Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability..................................................................................20

      **C.**     Plaintiff Fails to State a Claim for Fraud .............................................................22

      **D.**     Plaintiff Fails to State a Claim for Unjust Enrichment .........................................23

CONCLUSION....................................................................................................................23

**CASES**

*Ackerman v. Coca-Cola Co.,*
 No. 09-CV-0395, 2010 U.S. Dist. LEXIS 73156
 (E.D.N.Y. July 21, 2010) ................................................................................ *passim*

*Alce v. Wise Foods, Inc.,*
 No. 17 Civ. 2402 (NRB), 2018 U.S. Dist. LEXIS 54009
 (S.D.N.Y. Mar. 27, 2018) ........................................................................................ 15

*Barreto v. Westbrae Natural, Inc.,*
 No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436
 (S.D.N.Y. Jan. 7, 2021) ............................................................................................ 5

*Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.,*
 115 A.D.3d 128 (App. Div. 2014) ........................................................................... 17

*Berni v. Barilla S.p.A., et al. v. Schulman,*
 No. 19-cv-1921, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8, 2020) ............ 14, 15

*Bowring v. Sapporo U.S.A., Inc.,*
 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) ............................................................. 20

*Buonasera v. Honest Co., Inc.,*
 208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016) ............................................................. 20

*Cali v. Chrysler Grp. LLC,*
 2011 U.S. Dist. LEXIS 5220 (S.D.N.Y. Jan. 18, 2011) ........................................... 18

*Campbell-Clark v. Blue Diamond Growers,*
 No. 1:18-cv-5577-WFK, 2019 U.S. Dist. LEXIS 233937
 (E.D.N.Y. Dec. 17, 2019) .......................................................................................... 6

*Chufen Chen v. Dunkin' Brands, Inc.,*
 No. 17-CV-3808 (CBA) (RER), 2018 U.S. Dist. LEXIS 234591
 (E.D.N.Y. Sep. 17, 2018) .......................................................................................... 18

*Cosgrove v. Blue Diamond Growers,*
 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020) .......................................... 5

*Cosgrove v. Or. Chai, Inc.,*
 No. 19-cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229
 (S.D.N.Y. Feb. 22, 2021) ........................................................................................... 5

*Dhir v. Carlyle Grp. Emple. Co.*,
No. 16-cv-06378, 2017 U.S. Dist. LEXIS 162386
(S.D.N.Y. Sept. 29, 2017) ............................................................................. 6

*Fermin v. Pfizer Inc.*,
  215 F. Supp. 3d 209 (E.D.N.Y. 2016) ........................................................ 4

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013)........................................................................ 4

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ........................................................................ 4

*In re Amla Litig.*,
  282 F. Supp. 3d 751 (S.D.N.Y. 2017)....................................................... 14

*In re Frito-Lay North America All Natural Litigation*,
  12-MD-2413, 2013 U.S. Dist. LEXIS 123824
  (E.D.N.Y. Aug. 29, 2013)..................................................................... 17, 19

*In re Pepsico, Inc. Bottled Water Mktg. & Sales Practices Litig.*,
  588 F Supp. 2d. 527 (S.D.N.Y. 2008) ..................................................... 9, 11

*International Prods. Co. v. Erie R. R. Co.*,
  244 N.Y. 331 (1927) .................................................................................. 16

*J.A.O. Acquisition Corp. v. Stavitsky*,
  8 N.Y.3d 144 (2007) .................................................................................. 17

*Jessani v. Monini N. Am., Inc.*,
  744 F. App'x 18 (2d Cir. 2018) ................................................................... 4

*Kennedy v. Mondelez Glob. LLC*,
  No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538
  (E.D.N.Y. July 10, 2020) ............................................................................. 5

*Kimmell v. Schaefer*,
  89 N.Y.2d 257 (1996). ........................................................................ 16, 17

*Mandarin Trading Ltd. v. Wildenstein*,
  16 N.Y.3d 173 (2011) ................................................................................ 17

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018)....................................................................... 12

*McBeth v. Porges*,
  171 F. Supp. 3d 216 (S.D.N.Y. 2016) ........................................................ 19

*Orlander v. Staples, Inc.,*
   802 F.3d 289 (2d Cir. 2015) ................................................................. 4

*Pardini v. Unilever United States, Inc.,*
   961 F. Supp. 2d 1048 (N.D. Cal. 2013) .............................................. 11

*Parks v. Ainsworth Pet Nutrition, LLC,*
   377 F. Supp. 3d 241 (S.D.N.Y. 2019)................................................. 17

*Pichardo v. Only What you Need, Inc.,*
   No. 20-cv-0493 (VEC), 2020 U.S. Dist. LEXIS 199791
   (S.D.N.Y. Oct. 27, 2020) ....................................................................... 5

*Price v. L'Oreal USA, Inc.,*
   No. 17-civ-0614, 2017 U.S. Dist. LEXIS 165931 (S.D.N.Y. Oct. 5, 2017) ........................... 20

*Reyes v. Crystal Farms Refrigerated Distrib. Co.,*
   No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971
   (E.D.N.Y. July 26, 2019) ................................................................. 6, 12

*Sarr v. BEF Foods,*
   No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594
   (E.D.N.Y. Feb. 13, 2020)............................................................. 4, 5, 19

*Schwartzco Enterprises LLC v. TMH Mgmt., LLC,*
   60 F. Supp. 3d 331 (E.D.N.Y. 2014) .................................................. 19

*Tomasino v. Estee Lauder Cos., Inc.,*
   44 F. Supp. 3d 251 (E.D.N.Y. 2014) .................................................. 15

*Verzani v. Costco Wholesale Corp.,*
   No. 09-CV-2117, 2010 U.S. Dist. LEXIS 107699
   (S.D.N.Y. Sept. 28, 2010) ...................................................................... 4

*Wynn v. Topco Assocs, LLC,*
   No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714
   (S.D.N.Y. Jan 19, 2021) ......................................................................... 5

## Statutes & Regulations

21 C.F.R. § 101.65 .......................................................................... 10

21 U.S.C. § 343.......................................................................... 8, 9

U.C.C. § 2-314(c)......................................................................... 18

# INTRODUCTION

Plaintiff's Complaint (Dkt.1) alleges that the single, factually true statement "Made With Olive Oil" and the image of an olive branch appearing on the label of the Country Crock Plant Butter ("Product") sold by Defendant Upfield US Inc. ("Upfield") is misleading because the Product does not contain a "significant and/or predominant amount" of olive oil.  Dkt. 1 ¶¶ 11, 16, 18, 22, 43, 44, 45, 47, 50, 66, 71, 78, 81, 84, 86, 94 and 104.[1]  Plaintiff seems to allege that he reached this conclusion when he read the Product's ingredient statement and saw olive oil listed after the other oils used in the Product's oil blend.  Dkt. 1 ¶¶ 18, 47.  Like any reasonable consumer, Plaintiff knows that ingredients are listed in the ingredient statement in order of predominance and therefore was not deceived as to whether olive oil is "predominant;" however, he also assumes, without any basis other than the ingredient statement, that the Product lacks a "significant" amount of olive oil.  Plaintiff is not alleging the Product has no olive oil nor that it lacks an olive oil flavor.  He claims, instead, that the amount of olive oil is not significant *enough* to warrant the price.  In fact the Product contains olive oil distinguishable from other buttery spreads and plant-based butters.  Plaintiff alleges that olive oil should be the predominant oil in the Product, regardless of the fact it is a plant-based butter, and that consumers, accordingly, expect and want it to taste more like butter than olive oil.

Plaintiff's case is premised on wholly unreasonable and unsubstantiated assumptions. First and foremost, Plaintiff unreasonably assumes, and alleges without plausible basis, that a

---

[1] The Product as currently marketed is not labeled "Made With Olive Oil," but only states, "With Olive Oil."  The product packaging version shown in the Complaint, presumably downloaded from the Internet, is not likely to have been available at the time Plaintiff alleges that he bought the Product.  Without admission, however, Upfield takes Plaintiff's allegations as true for purposes of this motion.

consumer would understand the statement "made with olive oil" to imply that olive oil must be the predominant oil used. The statement "Made With Olive Oil" does not plausibly communicate any specific amount of olive oil – let alone that olive oil is the predominant oil, rather it is intended as a distinguishing feature as compared to other like products which contain no or different flavoring oils. Moreover, there is no claim regarding the taste or health benefits attributable to the olive oil. A reasonable consumer understands that the statement "made with olive oil" on the label of a plant-based butter spread to mean that there is sufficient olive oil in the food product to have a discernable olive oil flavoring as compared to other products and variants. No reasonable consumer believes that a product specifically advertised as a plant-based butter has more olive oil than the other vegetable oils when the latter oils are the ones that provide the buttery flavor and texture consumers are expecting in a food product like this. The reason why plant-based butter spreads use less olive oil than canola, soy bean and/or palm oils is self-evident – a plant-based butter spread is supposed to primarily taste like butter and Country Crock Plant Butters specifically are marketed accordingly. Consumers who search for these spreads are looking for a spread that tastes like butter with some olive oil mixed in, not some tapenade-like product that is essentially a tub of olive oil. In contrast, olive oil seekers use straight olive oil in lieu of butter or plant-based butter spreads. Further, there is no plausible factual basis to assume that the Product has whatever the Plaintiff would deem to be an "insignificant" amount of olive oil merely because olive oil is listed after other oils in the ingredient list.

The Complaint, therefore, should be dismissed for the following reasons:

**First**, Plaintiff has failed to plausibly allege that a reasonable consumer would believe that the statement "Made With Olive Oil" implies the presence of any specific level of olive oil –

let alone that olive oil is the predominant oil in the Product. The Product's statement of identity is in close proximity on the front of pack to the "Made With Olive Oil" reference is as a 79% vegetable oil spread (the current version of the Product says "79% plant-based oil spread"). There is no factual or common-sense basis to make such an assumption in light of what the Product is. The Product, as its label unequivocally states, is a plant-based *butter* made with olive oil; the very nature of the Product makes it obvious that the statement denotes an ingredient used to provide a distinguishing variant feature and complimentary flavor to the Product. This is especially obvious in the context of Upfield's other products within the same product line, including Country Crock Plant Butter with Avocado Oil, Country Crock Plant Butter with Almond Oil, and Country Crock Plant Butter with Sea Salt. Any reasonable consumer would expect that Country Crock Plant Butter with Olive Oil is a non-dairy alternative to butter that tastes like butter, not olive oil, and that the Product has enough olive oil to add an olive oil flavor note to its basic buttery taste – just like the almond, and avocado flavors in other members of its product line. The Product's label also makes no health claim on its label, either specific to olive oil or the Product in general, that would even hint at a specific amount of olive oil. It is implausible that reasonable consumers have a specific amount of olive oil in mind when they see the statement "made with olive oil." Plaintiff does not deny that the Product has an olive oil flavor. No reasonable consumer could thus be deceived by the Product's labeling.

Furthermore, Plaintiff has no reasonable, factual or legal basis to assume that the statement "Made With Olive Oil" means that olive oil is necessarily the predominant or exclusive oil in the Product. It is implausible to posit that any reasonable consumer believes that a product advertised as being a non-dairy alternative to butter would have less of the oils that replicate the primary butter flavor and performance consumers are looking for, merely because

3

the product is made with olive oil.  Common sense dictates that a plant-based butter spread made with olive oil should have more of the ingredients that make it taste and perform like butter than those that add the olive oil flavor note.

**Second**, Plaintiff's claim that "Made with Olive Oil" falsely implies a certain amount of olive oil in the Product as a nutrient is expressly preempted by federal labeling regulations promulgated by the U.S. Food and Drug Administration ("FDA").  FDA regulations address the statements about the presence of an ingredient that may be perceived to add value to a product, including for example "made with real butter," in 21 C.F.R. §101.65, stating that it is a value-added statement and not an implied nutrient content claim.  According to the FDA, such statements do not suggest olive oil is present in any certain amount or proportion.  Because the statement "made with olive oil" complies with FDA regulations, it cannot be a false, misleading, or deceptive implied nutrient content claim, as a matter of law.

**Third**, Plaintiff has not plausibly alleged that there is a minimal amount of olive oil merely because it is listed after the other oils in the ingredient statement.  There is also no legal or regulatory basis for Plaintiff's assumption that the Product has an insignificant amount of olive oil solely because olive oil is listed behind the other oils in the ingredient list.  FDA regulations only require that ingredients be listed in the ingredient statement in descending order according to their predominance.  That requirement communicates nothing about how much of an ingredient is actually used – only its relation in weight to the other ingredients.

**Fourth**, Plaintiff's ancillary causes of action for preliminary injunction, negligent misrepresentation, breach of warranty, fraud, and unjust enrichment fail because they are improperly and inadequately pled and/or because they are inappropriate for the facts alleged by Plaintiff, as set forth fully below.

4

## FACTUAL BACKGROUND

Upfield produces, markets and sells Country Crock Plant Butters, including Country Crock Plant Butter with Olive Oil which is offered in both tub and stick formats and is a dairy free, vegan butter. The packaging of the Product that is the subject of the Complaint allegations, which was used when the Product was first introduced and thus bore the word "New!" on the packaging, displayed the statement "Made With Olive Oil" underneath the phrase "Plant Butter" in a considerably smaller font. The Product's label also depicted an olive branch in the upper right corner of the primary display and the statement "79% vegetable oil spread" on the bottom right corner of the principal display. The Product compares itself to dairy butter not margarine.



In addition, labeling for the Product contained an ingredient statement, which disclosed all ingredients contained therein. According to the Complaint, this ingredient statement appeared as follows on the Product's label:

INGREDIENTS: BLEND OF PLANT-BASED OILS (PALM FRUIT, PALM KERNEL, CANOLA AND OLIVE OIL), WATER, SALT, PEA PROTEIN, SUNFLOWER LECITHIN, CITRIC ACID, VITAMIN A PALMITATE, NATURAL FLAVOR, BETA CAROTENE (COLOR)

Dkt. 1 ¶ 16.[2]  This ingredient statement indicated that the blend of plant-based oils is the most prominent ingredient in the Product.  It also indicates that olive oil is present in a lower amount than palm fruit oil, palm kernel oil or canola oil (or the soybean or palm oils in the tub format).

The Product's labeling is literally truthful and accurate.  Upfield's plant-based butter is made with real olive oil, as set forth in the ingredient list.  Plaintiff does not dispute this fact.  Plaintiff also does not dispute, and indeed affirmatively alleges, that olive oil in a food product is valued for its own positive qualities, regardless of what else is or is not in the product.  (*e.g.* Dkt. 1 ¶ 19).  Plaintiff also does not allege that the Product has no olive oil flavor.  Plaintiff's claim, therefore, is based on an alleged implication that by being "made with olive oil," the olive oil must be the most predominant of all oils used in the Product, or alternatively, that olive oil must be present in some unspecified amount that the Plaintiff would consider "significant."  Neither interpretation is plausibly communicated by the Product packaging.

---

[2] The ingredient statement depicted in the Complaint actually is for a different form of the Product than the depicted front panel, i.e., the stick format rather than the tub.  The tub variant depicted by Plaintiff actually contains a completely different blend of oils.  The ingredients in the tub variant are:  "Blend of Plant-Based Oils (Soybean, Palm Kernel, Olive, Palm Fruit and Extra Virgin Olive Oil), Water, Salt, Faba Bean Protein, Soy Lecithin, Citric Acid, Natural Flavor, Vitamin E Acetate, Vitamin A Palmitate, Beta Carotene (Color)."  The conflation of label elements from different forms of the Product in the Complaint, together with the depiction of a discontinued Product package, further indicates that Plaintiff merely pulled images from the Internet and did not actually purchase the Product challenged.  Upfield addresses its argument in this motion to both the true ingredient statement and the one alleged by Plaintiffs.

<u>**ARGUMENT**</u>

**I.        Plaintiff Has Failed to Allege a Plausible Deception**

**A.        Implausible False Labeling Theories Can Be Dismissed as a Matter of Law at the Pleading Stage**

Plaintiff fails to allege plausibly under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that reasonable consumers perceive the Product to be a "predominantly" olive-oil-based product as opposed to what it clearly is, a plant-based oil spread with an olive-oil flavoring element. Plaintiff's alternative allegation, that the Product's label falsely implies that it contains a "relatively significant" amount of olive oil, is too vague even to be meaningful. Plaintiff alleges no facts plausibly establishing that it is "predominantly" olive-oil-based nor are there any claims on the package that supports such premise. The Complaint therefore fails to allege plausibly that any false or misleading message is communicated to consumers by the label of Country Crock Plant Butter with Olive Oil, and should be dismissed for failure to state a claim.

To prove that conduct is materially misleading as required under New York General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc*., 802 F.3d 289, 300 (2d Cir. 2015). "To state a claim, 'plaintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.''" *Sarr v. BEF Foods, Inc.,* No. 18-cv-6409, 2020 U.S. Dist. LEXIS 25594, at *11 (E.D.N.Y. Feb. 13, 2020) (quoting *Jessani v. Monini N. Am., Inc.,* 744 F. App'x 18, 19 (2d Cir. 2018)). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). In so doing, courts consider the entire context of the alleged misrepresentations, including disclaimers and other disclosures elsewhere

on the packaging. *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) ("[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial.") (citing *Fink* 714 F.3rd at 742); *see also Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211-12 (E.D.N.Y. 2016); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (considering both large and small print in ad in dismissing consumer protection claims); *Verzani v. Costco Wholesale Corp.*, No. 09-CV-2117, 2010 U.S. Dist. LEXIS 107699, at *5-7 (S.D.N.Y. Sept. 28, 2010).

Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims, and particularly food labels, because they would not deceive a reasonable consumer. *See, e.g., Cosgrove v. Or. Chai, Inc.*, No. 19-cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229 (S.D.N.Y. Feb. 22, 2021) (dismissing case and finding the "vanilla" labeling on a chai tea latte vanilla mix that included representations that it contained natural flavors did not lead to consumers to believe that the company used vanilla beans as a primary or exclusive ingredient for vanilla flavoring); *Wynn v. Topco Assocs, LLC*, No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714 (S.D.N.Y. Jan 19, 2021) (dismissing case and concluding that a product labeled "Vanilla Almondmilk" would not lead a reasonable consumer to believe the product is flavored exclusively with real vanilla); *Barreto v. Westbrae Natural, Inc.*, No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436 (S.D.N.Y. Jan. 7, 2021) (dismissing case and finding a "vanilla soymilk" label would not lead a reasonable consumer to believe the vanilla flavor was solely from the vanilla plant); *Cosgrove v. Blue Diamond Growers*, 2020 U.S. Dist. LEXIS 229294 (S.D.N.Y. Dec. 7, 2020) (dismissing case and finding that the Product is not misleading because a reasonable consumer would associate the representation of 'Vanilla' to refer to a flavor

and not to vanilla beans or vanilla extract as an ingredient); *Pichardo v. Only What You Need, Inc.*, No. 20-cv-493 (VEC), 2020 U.S. Dist. LEXIS 199791 (S.D.N.Y October 27, 2020) (dismissing case alleging misleading "vanilla" flavor designator on a protein vanilla-flavored drink); *Steele v. Wegmans*, No. 1:19-cv-09227 (LLS), 2020 U.S. Dist. LEXIS 123637 (S.D.N.Y. July 14, 2020) (dismissing case alleging misleading "vanilla" flavor designator on ice cream); *Kennedy v. Mondelez Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020 U.S. Dist. LEXIS 124538 (E.D.N.Y. July 10, 2020) (dismissing claims that the terms "graham," "graham crackers," and "8g of whole grain per 31g serving" are misleading and deceptive); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) (dismissing case against a "made with real butter" food label claim because it would not communicate a misleading message to a reasonable consumer); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK, 2019 U.S. Dist. LEXIS 233937 (E.D.N.Y. Dec. 17, 2019) (dismissing allegations that packaging for "nut and rice" crackers implicitly overstated their nut content); *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-16 (E.D.N.Y. July 26, 2019) (dismissing implausible allegations that "made with real butter" on mashed potato product implied absence of margarine). It follows that this suit also should be dismissed as a matter of law.

> **B.** **Plaintiff Has No Factual or Reasonable Basis to Allege that the "Made With Olive Oil" Statement Implies Any Specific Amount of Olive Oil**

Plaintiff has no factual or reasonable basis to support his allegation that the statement "Made With Olive Oil" conveys to consumers that the Product has a specific amount of olive oil – let alone that it predominates over any other oil. Plaintiff fails to acknowledge that in the context of what the Product is – a plant-based *butter* – the statement "Made With Olive Oil" is more of a distinguishing variant designation than an ingredient claim. Although "Made With

Olive Oil" represents, truthfully, that the Product contains olive oil, it is obvious to any reasonable consumer that the purpose for which olive oil is included is to supply a complementary flavor to the Product, just as the added ingredients of Almond Oil, Avocado Oil, and Sea Salt in other varieties of the Country Crock Plant Butter product line do.

False advertising case law in this Circuit makes clear that flavor designations are not implicit ingredient predominance claims, and that "made with" ingredient claims, on their own, are not exclusive or predominant ingredient claims. *See, e.g., Cosgrove v. Or. Chai, Inc.*, No. 19-cv-10686 (KPF), 2021 U.S. Dist. LEXIS 32229 (S.D.N.Y. Feb. 22, 2021) ("vanilla" labeling did not lead to consumers to believe that a chai tea latte vanilla mix used vanilla beans as a primary or exclusive ingredient); *Wynn v. Topco Assocs, LLC*, No. 19-cv-11104 (RA), 2021 U.S. Dist. LEXIS 9714 (S.D.N.Y. Jan 19, 2021) (product labeled "Vanilla Almondmilk" would not lead a reasonable consumer to believe the product is flavored exclusively with real vanilla); *Barreto v. Westbrae Natural, Inc.*, No. 1:19-cv-09677 (PKC), 2021 U.S. Dist. LEXIS 3436 (S.D.N.Y. Jan. 7, 2021) ("vanilla soymilk" label would not lead a reasonable consumer to believe the vanilla flavor was solely from the vanilla plant); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) ("made with real butter" did not communicate that butter is the only fat in the product); *Reyes v. Crystal Farms Refrigerated Distrib. Co*., No. 18-cv-2250, 2019 U.S. Dist. LEXIS 125971, at *8-16 (E.D.N.Y. July 26, 2019) ("made with real butter" did not imply absence of other fats in mashed potato product).

Any reasonable consumer would have understood that the statement "Made With Olive Oil" means that the Product has enough olive oil to give it an olive oil flavor. Upfield is not selling an olive oil spread with butter flavor notes; it is selling a plant-based butter spread with olive oil notes. A reasonable consumer would understand that the statement "Made With Olive

Oil" on the label of a plant-based butter spread is more a flavoring designation than an ingredient claim because olive oil does not taste like butter, and the Product is a buttery spread, not a tapenade or olive spread. The very nature of the Product distinguishes this case from *Mantikas v. Kellogg Co.* 910 F.3d 633 (2d Cir. 2018). *Mantikas* involved a product label for cheese flavored crackers called "Cheez-Its" claiming that the crackers were made with whole grain, with a qualification that it was specifically made with 8 grams of whole grain. *Id.* at 634-35. The fact that reasonable consumers could expect a cracker to be predominately made from whole wheat was central to the decision in *Mantikas*. *Id.* at 638. In contrast, no reasonable consumer would assume that olive oil can be the predominate ingredient in a plant-based butter. Plaintiff's implausible interpretations cannot serve as adequately pled facts in support of the allegations he is making.

C.     **Plaintiff Has No Factual or Reasonable Basis for His Assumption that the Product has an Insignificant Amount of Olive Oil**

Plaintiff's allegations as to the amount of olive oil in the Product are unsupported by any credible factual basis. The sole basis for Plaintiff's allegation that the "Made With Olive Oil" statement appearing on the Product's label is misleading is that olive oil is listed after the other oils in the ingredient statement. Dkt. 1 ¶¶ 16, 17, 18, 47, 98. According to Plaintiff, if olive oil is listed behind the other oils in the Product's ingredient list, it must be present in insignificant amounts, or not in the amounts that the statement "Made With Olive Oil" implicitly conveys to consumers. These are the type of conclusory allegations that courts need not credit even on a Rule 12 motion given that they contradict common knowledge and common sense. *Dhir v. Carlyle Grp. Emple. Co.*, No. 16-cv-06378, 2017 U.S. Dist. LEXIS 162386, at *20-22 (S.D.N.Y. Sept. 29, 2017) (dismissing theory of fraud that "contradicts not only common sense, but also other allegations in Plaintiff's own complaint").

There is no factual or reasonable basis for Plaintiff to allege that the Product has an "insignificant" amount of olive oil. There is no reason to believe there is an insignificant amount of olive oil in the Product merely because olive oil appears behind three other oils in the ingredient list. The Product's ingredient statement complies with the FDA's requirement to list ingredients in descending order of predominance by weight. *See* 21 C.F.R. §104.1(a)(1). The order of the ingredients in no way suggests or implies there is an insignificant amount of olive oil in the Product. The only thing it conveys is that the weight of the other three oils is larger than the weight of the olive oil present in the Product. Plaintiff did not need to know FDA regulations to avoid making this unreasonable assumption – a small degree of common sense would have been enough to know that just because olive oil is listed behind the other oils does not mean that there is a trivial amount of olive oil. Plaintiff also did not claim that the Product does not have an olive oil taste.

Whatever Plaintiff means by a "significant" amount of olive oil – something so vague and subjective that it is, in itself, defective as a factual allegation – it has to be considered in the context of the marketing of the Product, in which olive oil is unambiguously incorporated as the source of a secondary flavor in a plant-based butter spread, and as part of product line similarly flavored with different ingredients. Plaintiff never alleges that the Product contains insufficient olive oil to confer this olive oil flavor note that Upfield promotes to consumers of this Product. Plaintiff never even alleges that he was dissatisfied with the olive oil flavor of the Product, alleging instead that he "desired [olive oil] to provide health benefits." Dkt. 1 ¶¶ 43, 44, 46, 50, 66. Even if Plaintiff did find the Product inadequately flavored of olive oil to suit his taste, it might well suit the taste of other consumers; Plaintiff should simply try another product that offers the level of olive oil to achieve the health benefits he is seeking. Plaintiff also did not

submit any study or analysis showing there is an "insignificant" amount of olive oil in the Product. Therefore, Plaintiff's allegation that the Product has an insignificant amount of olive oil is entirely unsubstantiated and, thus, conclusory.

Plaintiff's allegation that he, or any reasonable consumer, sought olive oil for "health benefits" when buying the Product is implausible for several reasons. First, Plaintiff equates the health benefits supposedly obtainable from olive oil with those of "plant-based" foods (Dkt. 1 ¶¶ 10-12, 46), and even alleges, incoherently, that "Plaintiff associated 'plant-based' with 'olive oil' because olive-oil is known as a nutrient rich food." Dkt. 1 ¶ 49. But canola, soybean and palm oils are just as plant-based as olive oil, and there can be no plausible allegation that the Product's designation as "plant-based," applied to the entire product line of which it is a part, implies that it is based on olive or any other particular plant. Second, Plaintiff alleges no basis for the existence of any supposed health benefits of olive oil over other vegetable oils, other than conclusory statements. Contrary to the unsupported allegations of the Complaint (Dkt. 1 ¶¶ 19-20), soybean and canola oils contain antioxidants and polyphenols, and a heart-healthy concentrations of monounsaturated or polyunsaturated and omega-3 fats as opposed to saturated fat.[3] Third, even taking at face value Plaintiff's unreasonable belief that olive oil confers health benefits relative to other plant-based oils, no reasonable consumer would look to a secondary ingredient, plainly added for purposes of flavoring a plant-based butter spread, as something that would be present in sufficient quantity to confer health benefits, particularly in the absence of any claims on the label that in any way suggest this. Fourth, just as Plaintiff fails to allege that

---

[3] *See* S. Watson, *Canola Oil* (WebMD article), available at https://www.webmd.com/food-recipes/canola-oil; R. Link, *6 Benefits and Uses of Soybean Oil* (Nov. 11, 2019), available at https://ussoy.org/6-benefits-and-uses-of-soybean-oil/.

the actual amount of olive oil in the Product is insufficient to confer an olive oil flavor note,

Plaintiff also fails to allege that the amount is insufficient to confer whatever health benefits he

imagines are associated with this ingredient in particular as compared to the oils used in the

Product. Even the authority cited in the Complaint, Professor Scott Rankin of the University of

Wisconsin food science department, is alleged to say that "margarine and the Product are

indistinguishable, _but for the presence of olive oil in the latter_, and slight differences in fat and

calories" – conceding that the presence of olive oil in the product legitimately distinguishes it

from other spreads. Dkt. 1 ¶ 14 (emphasis added). The Product does not compare itself to

margarine (and the only common element of margarine is the 80% fat characterization, the

composition of oils vary among margarine products in market).[4] In sum, Plaintiff has not

plausibly alleged that the Product's packaging represents it as containing sufficient olive oil to

confer health benefits, nor that there are any such relative health benefits, nor that, if there are,

the amount of olive oil in the Product is insufficient to confer them or provide a distinguishable

value from a dairy butter or margarine.

## II.    Plaintiff's Claims Are Expressly Preempted

The Food, Drug, and Cosmetic Act, ("FDCA"), as amended by the Nutrition Labeling

and Education Act of 1990 ("NLEA"), provides a comprehensive set of food labeling

requirements under federal law. _See_ 21 U.S.C. §§ 343 _et seq_. The many subsections of 21

U.S.C. § 343 establish the conditions under which food is considered "misbranded." Section

343(r) of the FDCA addresses claims in food labeling, including nutrient and ingredient content

---

[4] Professor Rankin also notes that margarine may contain animal products, whereas the Product at issue here is plant-based butter and qualifies as vegan, an important benefit to many consumers. Dkt. 1 ¶ 14.

claims that either "expressly or by implication . . . characterize the level of any nutrient." The FDCA also contains a broad preemption provision, prohibiting state law that directly or indirectly establishes a "requirement" for food labeling that is not "identical" to the requirements set forth in the FDCA. 21 U.S.C. § 343-1; *see also Ackerman v. Coca-Cola Co.*, No. 09-CV-0395, 2010 U.S. Dist. LEXIS 73156, at *8-9 (E.D.N.Y. July 21, 2010). "Where federal requirements address the subject matter that is being challenged through state law claims, such [] claims are preempted to the extent they do not impose identical requirements." *In re Pepsico, Inc. Bottled Water Mktg. & Sales Pract. Litig.*, 588 F Supp. 2d. 527, 538 (S.D.N.Y. 2008).

Because the FDCA does not provide a private right of action, Plaintiff does not claim misbranding under federal law. Plaintiff instead claims that the statement "Made With Olive Oil" on the Product label constitutes a deceptive practice and false advertising under Sections 349 and 350 of New York General Business Law, and fraud, negligent misrepresentation, and unjust enrichment under New York common law, because, according to Plaintiff, it falsely implies the Product contains a significant amount of olive oil or it is predominantly made with olive oil. Dkt. 1 ¶¶ 11, 16, 18, 22, 43, 44, 45, 47, 50, 66, 71, 78, 81, 84, 86, 94 and 104.

Although litigating Plaintiff's theory of FDA regulations in cases like this is exactly what the FDCA's preemption provisions are intended to prevent, an analysis of Plaintiff's theory shows why it is good policy that such plaintiffs are not permitted to enforce food regulations. The statement "Made With Olive Oil" complies with Section 343(r) of the FDCA and regulations promulgated by FDA concerning express and implied nutrient content claims of the type described in Plaintiff's claims. *Ackerman*, 2010 U.S. Dist. LEXIS 73156, at *9. Pursuant to FDA regulations, an "implied nutrient-content claim" is a statement suggesting "that a nutrient is absent or present in a certain amount[.]" 21 C.F.R. §101.13. FDA regulations provide examples

of such implied nutrient-content claims, like the statement "high in oat bran," which would be considered an implied claim that a product has a high dietary fiber content. *Id.*; *Ackerman*, *supra* at *9-10. In addition to providing examples of implied nutrient content claims, FDA regulations also provide examples of claims that are *not* implied nutrient content claims. In particular, 21 C.F.R. §101.65 specifically addresses statements almost identical to "made with olive oil" in this context, as follows:

> Certain label statements about the nature of a product are not nutrient content claims unless such statements are made in a context that would make them an implied claim under § 101.13(b)(2). The following types of label statements are generally not implied nutrient content claims and are not subject to the requirements of § 101.13 and this section: . . . **A claim about the presence of an ingredient that is perceived to add value to the product, e.g., "made with real butter,"** "made with whole fruit," or "contains honey[.]".

21 C.F.R. § 101.65(b)(3) (emphasis added). This FDA regulation makes clear that statements like "made with olive oil" on food labels is not an implied nutrient content claim, but instead is a claim that may add value to a product for some consumers. *Id.* In the FDA's example, consumers may value the presence of olive oil in a product, regardless of what other ingredients are or are not in it. Therefore, "made with olive oil," according to FDA regulations, does not imply or suggest that olive oil is the central or primary ingredient, or is present in any certain amount. *See id.* This regulation specifically preempts Plaintiff's primary theory, that the Product's "Made With Olive Oil" claim is an implied nutrient content claim, from which Plaintiff supposedly sought health or nutritional benefits. Dkt. 1 ¶¶ 49-50.

To require Upfield to "correct" its label, presumably by removing or changing the "Made With Olive Oil" statement, would place a requirement on Upfield that is inconsistent with the FDCA and FDA implementing regulations. Because Plaintiff's state and common law claims of

false advertising, fraud, and unjust enrichment concerning the "Made With Olive Oil" statement would impose a "requirement" not to do something specifically permitted by the FDCA and FDA regulations, they are all preempted and should be dismissed as a matter of law. *Ackerman*, 2010 U.S. Dist. LEXIS 73156, at *29 (per FDA regulations, presence of sugar does not prohibit beverage manufacturer from touting health benefits of drink through implied claims about other ingredients; state law allegations about manufacturer's implied nutrient content claims are preempted); *In re Pepsico, Inc*., 588 F. Supp. 2d at 534-37 (finding consumer state law claims that "purified" bottled water labels falsely imply water originated in the mountains versus municipal sources preempted by FDA regulations, which explicitly exempt purified water from a source disclosure requirement); *Patane v. Nestlé Waters N. Am., Inc.*, 314 F. Supp. 3d 375, 384-89 (D. Conn. 2018) (finding consumer state law claims questioning "spring" origin of bottled spring water preempted by FDA regulations defining spring water); *Pardini v. Unilever United States, Inc*., 961 F. Supp. 2d 1048, 1056 (N.D. Cal. 2013) (finding consumer state law claims that "fat free" and "zero calorie" on butter spray product violates state consumer protection laws are preempted because label statements were consistent with 21 U.S.C. § 343 (r), and regulations promulgated by the FDA).

### III.     Plaintiff Has No Standing to Seek Injunctive Relief

Plaintiff's claim for injunctive relief is mooted by the fact that he challenges a Product label that was discontinued before this litigation was brought. Moreover, any question as to whether Plaintiff, who is a past purchaser now informed of the alleged deception, has standing to seek injunctive relief has been resolved by the Second Circuit Court of Appeals' decision in *Berni v. Barilla S.p.A., et al. v. Schulman*, No. 19-cv-1921, 2020 U.S. App. LEXIS 21167 (2d Cir. July 8, 2020). In that case, the Court ruled that a Rule 23(b)(2) injunction class of past purchasers in a G.B.L. § 349 deception suit cannot be certified because the injunction would not

benefit all class members, at least some of whom have learned of the alleged deception and are not at risk of future injury. In reaching this decision, the Second Circuit held that "injunctive relief is not proper" as to such plaintiffs, *id*. at \*14, and that such plaintiffs lack standing to seek injunctive relief for the same reason. *Id.* at \*14 & n.36. The Second Circuit went further to disapprove and effectively overrule cases such as *In re Amla Litigation.*, 282 F. Supp. 3d 751 (S.D.N.Y. 2017) and *Ackerman v. Coca-Cola Co.*, No. 09-cv-395, 2013 WL 7044866 (E.D.N.Y. July 18, 2013), where courts "have been hesitant to find that past purchasers cannot obtain injunctive relief." *Berni*, 2020 U.S. App. LEXIS 211 at \*12-13 & n.30.

The Second Circuit's *Berni* decision applies to and controls this case, which, like *Berni*, is a N.Y. G.B.L. § 349 action alleging consumer deception and seeking prospective injunctive relief for past purchasers, both as individuals and as a class. For purposes of the application of the *Berni* rule, the particular form of the consumer deception (i.e. false labeling or slack fill) is immaterial. As was the case with the *Berni* plaintiffs, Plaintiff in this case is a "past purchaser[] of a product…[who is] not likely to encounter future harm of the kind that makes injunctive relief appropriate." *Berni* U.S. App. LEXIS 21167, at 13.

Plaintiff has no standing to seek injunctive relief. Even prior to the *Berni* decision, district courts in the Second Circuit have dismissed claims for injunctive relief in false advertising cases where, as here, the plaintiffs are now aware of the alleged misrepresentations that they challenge and therefore there is no danger that they will again be deceived by them. *See Alce v. Wise Foods, Inc.,* No. 17 Civ. 2402 (NRB), 2018 U.S. Dist. LEXIS 54009 (S.D.N.Y. Mar. 27, 2018) ("Consumers who were misled by deceptive food labels lack standing for injunctive relief because there is no danger that they will be misled in the future); *Tomasino v. Estee Lauder Cos., Inc*., 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (denying standing because

plaintiff "has made clear that she does not believe the ANR products have the effects advertised by Estee Lauder"). Furthermore, Plaintiff's allegation that he intends to if he could do so with the assurance that the Product representations "are consistent with its abilities, attributes, and/or composition" (Dkt. 1 ¶55) is also insufficient to provide him standing for injunctive relief. This Court, along many other courts in this district, has concluded that a plaintiff "fails to establish a threat of future injury under such circumstances based on controlling precedent." *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 809-10 (S.D.N.Y. 2021) (citing *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 465-66 (S.D.N.Y. 2020) (concluding that plaintiff's alleged injury was "hypothetical" and an "allegation of possible future injury" insufficient to create standing); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 238 (S.D.N.Y. 2020); *Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 460 (S.D.N.Y. 2020)).

Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

## IV. Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate

Plaintiff alleges several common-law causes of action that piggyback on the facts of its main claim lodged under state consumer protection statutes. These ancillary claims all fail because Plaintiff's core theory of deception fails. Even if Plaintiff's deception theory held water, however, the ancillary claims would have to be dismissed because they are inadequately or improperly pled and/or simply inappropriate to the fact pattern Plaintiff alleges.

### A. Plaintiff Fails to State a Claim for Negligent Misrepresentation

Plaintiff's claim for negligent misrepresentation is inappropriate under these circumstances, in which Plaintiff alleges misstatements by an advertiser to a mass audience of consumers engaging in arm's-length transactions. In New York, there must be a special relationship of confidence and trust to establish potential liability for negligent

misrepresentation. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996) (requiring "special relationship" that places an exceptional duty of care on a speaker, such as where plaintiffs were investors in a limited partnership and defendant was attorney and director of an affiliated company who personally solicited plaintiffs as investors). The duty to speak with care arises when "the relationship of the parties, arising out of a contract or otherwise, [is] such that in morals and good conscience the one has a right to rely upon the other for information." *Id.* at 263, quoting *International Prods. Co. v. Erie R. R. Co.*, 244 N.Y. 331, 338 (1927). To establish a claim for negligent representation the plaintiff must demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011); *see also J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007); *Basis Yield Alpha Fund (Master) v. Goldman Sachs Grp., Inc.*, 115 A.D.3d 128, 141 (App. Div. 2014). Negligent misrepresentation claims generally are lodged against individuals with a direct, one-on-one relationship with the plaintiff, especially professionals having special expertise, such as attorneys, accountants and consultants. *Kimmell*, 89 N.Y.2d at 263-64. Applying this theory where Plaintiff, and the putative class, are members of a mass audience of consumers, with no direct relationship to Upfield, is improper, and the claim should be dismissed.

      **B.**    **Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability**

Plaintiff alleges that "the Product was manufactured, identified, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that it was made with a significant and/or predominant amount of olive oil, which was desired to provide health benefits." Dkt. 1 ¶ 81. These are allegedly implied, not express, representations. Express

warranty claims must be founded on express representations – that is, a literal affirmation of fact or promise about the specific thing Plaintiff alleges to be untrue. *See Parks v. Ainsworth Pet Nutrition, LLC,* 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) ("Generalized statements by a defendant …. do not support an express warranty claim if they are such that a reasonable consumer would not interpret the statement as a factual claim upon which he or she could rely."); *In re Frito-Lay North America All Natural Litigation*, 12-MD-2413, 2013 U.S. Dist. LEXIS 123824, at *84-85 (E.D.N.Y. Aug. 29, 2013).

Plaintiff's claim for breach of implied warranty of merchantability must also be dismissed because Plaintiff did not allege that the Product is not of merchantable quality. A breach of the implied warranty of merchantability occurs only when a product is "unfit for the ordinary purposes for which such goods are used" (U.C.C. § 2-314(c)) – in this case, unfit for human consumption. Plaintiff does not and cannot plead this. The only other plausible argument for a breach of implied warranty of merchantability is that the Product does not "conform to the promise or affirmations of fact made on the container or label" (U.C.C. § 2-314(f)), which is just a restatement of the definition of an express warranty, and requires a literal affirmation or promise. These, again, were not pled; Plaintiff's case is based entirely on implied, not express, claims.

Plaintiff's Magnuson Moss Warranty Act ("MMWA") claim should also be dismissed because he does not identify statements that warrant a product free from defect, nor do any of the challenged label elements constitute a promise that the Product will meet a specified level of performance as required to state a sufficient MMWA claim. The only statement Plaintiff identifies as constituting any warranty is the "Made With Olive Oil" statement, which is not sufficient to maintain a MMWA claim because the challenged statement is merely a product

description and governed by the FDA, and not a "warranty" against a product defect over a specific time period. *See Chufen Chen v. Dunkin' Brands, Inc.*, No. 17-CV-3808 (CBA) (RER) at *16 (E.D.N.Y. Sep. 17, 2018). Plaintiff's MMWA claim also fails because it is merely duplicative of his other warranty claims, which are deficient in themselves as explained above. *See Cali v. Chrysler Grp. LLC*, 2011 U.S. Dist. LEXIS 5220, at *11 (S.D.N.Y. Jan. 18, 2011) (dismissing MMWA claims where underlying state-law claims were dismissed).

### C.     Plaintiff Fails to State a Claim for Fraud

Plaintiff's claim for fraudulent misrepresentation fails because he has not pled fraud with the required specificity. "To state a cause of action for fraudulent misrepresentation under New York law, a plaintiff must allege 'a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'" *McBeth v. Porges*, 171 F. Supp. 3d 216, 225 (S.D.N.Y. 2016) quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006). Claims of fraud "must be pled with particularity" beyond that of a normal claim. *Schwartzco Enterprises LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014). Further, under Fed. R. Civ. P. 9(b), Plaintiff must plead "details that 'give rise to a strong inference that the defendant[] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Id.* (quoting *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013)).

New York courts have held that in false-advertising cases involving mass-marketed products, allegations that the defendant was commercially motivated to increase its market share, to satisfy consumer desires and expectations, and to increase its sales and profits do not give rise to the necessary strong inference that the defendant had an intent to defraud. *See Sarr*, 2020 U.S. Dist. LEXIS 25594 at 26-27 (citing *In re Frito-Lay*, 2013 U.S. Dist. LEXIS 123824, at *25 and

22

*Chill v. Gen. Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996)).  Plaintiff here does not even do this.  His only allegation of fraudulent intent just circularly reiterates his allegation of a false or misleading statement:  "Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations."  Dkt. 1 ¶ 106.  No basis for any finding of "strong inference of intent to defraud" is pled.

### D. Plaintiff Fails to State a Claim for Unjust Enrichment

Plaintiff's claim for unjust enrichment must fail because it is duplicative of his fraud and false advertising claims.  An unjust enrichment claim is not available where it simply replicates another claim.  This rule has been repeatedly applied by New York's federal courts to dismiss add-on unjust enrichment claims in cases similar to the current one.  *See, e.g.*, *Price v. L'Oreal USA, Inc.*, No. 17-civ-0614, 2017 U.S. Dist. LEXIS 165931, at *13 (S.D.N.Y. Oct. 5, 2017); *Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 568 (S.D.N.Y. 2016)*; Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017).

### CONCLUSION

For the foregoing reasons, Upfield respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint.

Dated: April 29, 2022                                    Respectfully submitted,

*/s/ August T. Horvath*
August T. Horvath (AH 8776)
*ahorvath@foleyhoag.com*
FOLEY HOAG LLP
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0400
Fax: (212) 812-0399
*Attorneys for Defendant Upfield US Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 29th day of April 2022, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via ECF.

_/s/ August T. Horvath_____
August T. Horvath