Sheehan & Associates, P.C.          60 Cuttermill Rd Ste 412
Great Neck NY 11021

April 28, 2025

P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl St
New York NY 10007

1:22-cv-00355-PKC
Clemmons v. Upfield US Inc.

*[Handwritten annotation: Defendant shall respond by May 7, 2025. Plaintiff may reply by May 13. SO ORDERED /s/ PKC USDJ 4-29-25]*

Dear District Judge Castel:

This office represented Duval Clemmons ("Plaintiff") in the above action. In accordance with the Court and District's Rules for discovery disputes, this letter requests a pre-motion conference in connection with Plaintiff's anticipated request, under Fed. R. Civ. P. 26(b)(4)(E), for an Order that Upfield US Inc. ("Defendant") pay expert fees of $1,625.00. There is no conference scheduled in this matter.

On April 28, 2025, I spoke on the telephone with Defendant's Counsel, pursuant to Fed. R. Civ. P. 37(a)(1), to obtain the relief sought here without court action. Defendant's Counsel did not agree to the relief requested.

## I. BACKGROUND

In connection with this case, Plaintiff retained Andrea Matthews, Ph. D., to provide expert testimony. ECF 52-1. On February 14, 2024, pursuant to a Notice of Deposition, Upfield took the deposition Plaintiff's Expert. On March 31, 2025, the Clerk entered judgment upon the Court's Order, granting summary judgment to Upfield. ECF 57-58.

## II. LEGAL STANDARDS

"Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)...." Fed. R. Civ. P. 26(b)(4)(E)(i).

## III. MOTION FOR EXPERT FEES NOT "UNTIMELY"

Though "[Fed. R. Civ. P. 26(b)(4)(E)] seems to contemplate that a party will seek reimbursement near to the time that the expense is incurred, the timing of [Plaintiff's] request is not a bar to recovery." *Lancaster v. Lord*, No. 90-cv-5843, 1993 WL 97258, at *2 (S.D.N.Y. 1993), citing Fed. R. Civ. P. 26, Advisory Committee Notes, 1970 Amendment, and *Chambers v. Ingram*, 858 F.2d 351, 360

(7th Cir. 1988).

## IV. "PREVAILING PARTY" STATUS NOT REQUIRED TO RECOVER

Even though Upfield was granted summary judgment, and can recover costs, "Rule 26(b)(4)(E) operates independently of Rule 54(d)'s condition that cost recovery is limited to the prevailing party." *Broadspring Inc. v. Nashed*, 683 F. App'x 13, 15-16 (2d Cir. 2017) (vacating order denying expert fees sought by non-prevailing party).

## V. HOURLY RATE WAS REASONABLE

Though the Expert's Report identified the hourly rate as "$450.00 per hour," the Report was finalized in December 2023. ECF 52-1 ¶ 5. However, the Sheehan Declaration notes that the company the Expert works for raised the hourly rate to $500.00 in early 2024, which is reflected on the invoice. Exhibit A, Invoice.

That Plaintiff's Expert's hourly rate was reasonable is supported by the factors courts typically consider, including, "expertise…education…prevailing rates…nature, quality and complexity…the fee actually charged…[and] fees traditionally charged." *Ey v. Sam's East Inc.*, No. 17-cv-00551, 2020 WL 2415560, at *2 (S.D.N.Y. 2020).

Dr. Matthews' "area of expertise" was described as "survey and research methodology, marketing research and a[s] [a] mixed-methods specialist." ECF 52-1 ¶ 1. Her "education" consists of a "Ph.D. from the University of Nebraska – Lincoln in Business (Marketing) in May 2018" and a "master's degree in Survey Research and Methodology from the University of Nebraska in 2013." ECF No. 52-1 ¶ 6.

With respect to "the prevailing rates of other comparably respected available experts," in the context of admittedly a different type of litigation, a court in this Circuit "f[ound] that an hourly rate [] of $500 is reasonable." *Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) (approving orthopedist's hourly rate, but declining to order payment of his "flat half day rate for testimony").

Though Upfield prevailed on summary judgment, Plaintiff's Expert "designed [a] questionnaire/instrument for [the] survey experiment using scientific best practices, following the theory and guidelines laid out in Biemer & Lyberg (2003), Diamond and Swann (2012), Dillman et al. (2014), Shadish et al. (2002), Tourangeau et al. (2000), and Groves (2005)." ECF 52-1 ¶ 24.

Based on "the complexity" of the Expert's work, the hourly rate of $500.00 is

2

reasonable. *Cottrell v. Bunn-O-Matic Corp.*, No. 12-cv-1559, 2014 WL 1584455, at *1 (D. Conn. 2014).

## VI. PREPARATION TIME REAONABLE AND COMPENSABLE

Though the invoice indicates the deposition lasted for "1.75 hours," 1.5 hours, across February 12, 13, and 14, was "time spent [] preparing for [the] deposition [and] is clearly compensable in this Circuit." *Broushet v. Target Corporation*, 274 F.R.D. 432, 434 (E.D.N.Y. 2011).

## VII. NO "MANIFEST INJUSTICE" FROM RECOVERY OF FEES

Finally, since "Compensating an expert for [their] time spent in deposition is mandatory," the Court cannot credibly find "manifest injustice" would result. *AP Links LLC v. Russ*, No. 09-cv-5437, 2015 WL 9050298, at *1 (E.D.N.Y. 2015).

In fact, the purpose of Fed. R. Civ. P. 26(b)(4)(E) is "to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Broushet*, 274 F.R.D. at 433.

Thank you.

Respectfully submitted,

/s/Spencer Sheehan

3

## Certificate of Service

I certify that on April 28, 2025, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | Electronic Filing | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant | ☒ | ☐ | ☐ | ☐ |
| Plaintiff | ☒ | ☐ | ☐ | ☐ |
| Court | ☒ | ☐ | ☐ | ☐ |

                                                     /s/ Spencer Sheehan