UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DUVAL CLEMMONS,
individually and on behalf of all others similarly
situated,

                              Plaintiff,

       -against-                                        22-cv-355 (PKC)

                                                                         ORDER

FLORA FOOD US INC. f/k/a UPFIELD US
INC.,
                             Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        This Court granted summary judgment to defendant Flora Food US Inc. ("Flora") dismissing the claims of plaintiff Duval Clemons.  (ECF 57.)  Judgment was entered by the Clerk on March 31, 2025.  (ECF 58.)  By motion filed 28 days after judgment, Clemmons seeks the fees of his expert witness in preparing for and testifying at a deposition noticed by Flora.  He urges that an award of reasonable fees is mandatory, regardless of his status as a non-prevailing party, unless it would result in a manifest injustice.  Rule 26(b)(4)(E), Fed. R. Civ. P.  Clemmons also seeks judicial review of the Clerk's taxation of costs in the amount of $1,805.00 in favor of Flora, as the prevailing party.  Clemmons argues that the cost of defendant's counsel's pro hac vice admission should not have been taxed against him and that the per page transcript cost for deposition transcripts was excessive.  For the reasons below, the Court grant Clemmons' post-judgment motion for fees of his expert witness in preparing for and testifying at deposition.  The Court also agrees with Clemmons as to the taxation of pro hac vice admission costs, but

disagrees as to the reasonableness of the per page rate for deposition transcripts and concludes that the per page rate awarded by the Clerk is reasonable.

The Motion for Expert Fees in Preparing for and Attending a Deposition.

Clemmon's designated testifying expert was noticed for her deposition by Flora and appeared and testified on February 14, 2024.  He now seeks the fees of the expert in attending and preparing for her deposition.  "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under" the provision that permits a party to examine at deposition an opposing expert who may testify at trial.  Rule 26(b)(4) (A) & (E).  There is no requirement that the party seeking fees be the prevailing party.

The Rule does not impose an express temporal requirement.  The Advisory Committee Notes indicate that the application for such fees may be made before or after the deposition but does not indicate how long after the deposition it may be made.  The issue of expert fees appears to have been first raised by Clemmons on April 28, 2025, in a phone call with opposing counsel and in a filing with the Court on the same day, which was 28 days after the Clerk entered judgment.[1]  Flora raises no claim that the application is untimely as a s matter of law.

Because the rule permits expert fee shifting "for time spent in responding to discovery," it permits an award for deposition preparation as well as attending and testifying at the deposition.  Clemmons seeks an award of 1.75 hours for attending the deposition and 1.5 hours for deposition preparation, all at a rate of $500 per hour.  Dr. Andrea Lynn Matthews is an

---

[1] Clemmons's motion was filed within the 28-day window for a motion to alter or amend a judgment.  Rule 59(e), Fed. R. Civ. P.

expert in survey and research methodology and marketing research and holds a Ph.D. in Business (Marketing) from the University of Nebraska-Lincoln and a master's degree from the University of Nebraska in "Survey Research and Methodology." (ECF 52-1.) She is an Assistant Professor of Marketing at Wichita State University. At the time of the deposition, her services were billed by Phillips, Fractor, & Company, LLC at a rate of $500 per hour, a rate that appears reasonable based upon her background and experience. The hours spent, a total of 3.25 hours, appears reasonable.

The circumstances that Clemmons' action was dismissed on summary judgment, that the expert's testimony was not of value in opposing the motion or that the expert may have been excluded had she been called to testify at trial does not render it manifestly unjust to apply Rule 26(b)(4)(E)'s fee shifting provision. Rule 26(a)(2)(B) mandates written reports from experts who may testify at trial but does not require a party to examine the opposing party's expert at deposition. The Rule reflects a choice to impose expert fees and expenses on the party seeking the deposition. It implies neither fault nor virtue on anyone's part.

The Court awards a total of $1,625 pursuant to Rule 26(b)(4)(E).

Taxation of Costs.

Rule 54(d)(1), Fed. R. Civ. P., provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Rule "codifies a venerable presumption that prevailing parties are entitled to costs." Marx v. General Revenue Corporation, 568 U.S. 371, 377 (2013) (footnote omitted).

Under Rule 54(d)(1), the district court, on timely motion made, may review the determination of the Clerk.[2]  There is no assertion that the plaintiff's motion is untimely.  The district court reviews the grant or denial de novo.  See Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (internal quotation marks and citation omitted) (abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016)) ("A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself.").

The term "costs" as used in Rule 54(d)(1) is limited to the categories enumerated in 28 U.S.C. § 1920.  Whitfield, 241 F.3d at 269 (citations omitted).  Section 1920 of Title 28 contains six categories of taxable costs that the clerk or court "may tax as costs . . . ."  Insofar as the present review is concerned, it includes: "(1)Fees of the clerk . . . [and] (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920 (1) & (2).

Local Civil Rule 54.1 of this District is silent as to pro hac vice fees, although it enumerates other fees such as "[d]ocket fees, and the reasonable and actual fees of the clerk . . . ."  As relevant here, it provides that "[c]osts for depositions are ... taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion.  Costs for depositions taken solely for discovery are not taxable."

A.  Pro Hac Vice Admission Fees

In this action Flora was represented by four lawyers from the Bryan Cave law firm, two who are admitted in this District and two stationed in the St. Louis office of the firm

---

[2] Clemmons's motion to review the Clerk's taxation of costs (ECF 65) was filed within the 7-day window from the taxation of costs (ECF 63) provided in Rule 54(d)(1).

- 4 -

who are not admitted in this District. The Clerk taxed $400.00 for the pro hac vice fees of the two Bryan Cave lawyers not admitted in this District.

Pro hac admission fees are fees of the Clerk of Court and therefore within the scope of section 1920(1) of Title 28. Thus, they "may" be awarded to a prevailing party in the exercise of discretion.

Flora had a near absolute right to be represented by lawyers of their choosing. The fact that the two unadmitted lawyers had experience in dealing with the same plaintiff's lawyer in other product labelling cases across the country made their retention desirable and perhaps cost efficient but that alone is not sufficient to make their pro hac fees a taxable cost. Flora has not shown that there was a unique skill or knowledge base required to defend this action. The action alleged that the labelling of Flora's Country Crock Plant Butter was misleading in stating that it was "Made with Olive Oil." There was no principle of a foreign state's law at issue, nor a technical knowledge or experience required that was not commonly found in this District. On review, the Court concludes that the $400.00 in pro hac admission fees is not taxable in this action.

B.  Deposition Transcripts

Clemmons does not challenge that the depositions transcripts for which Flora sought to tax costs were not actually used on the summary judgment motion. He challenges the reasonableness of the $5.00 per page transcript fee.

The Judicial Conference most recent rate schedule for transcripts of judicial proceedings is a useful guide in assessing the reasonableness of private transcript fees for depositions for use in a federal proceeding. The base rate for one original copy of a transcript prepared on a 30-day basis is $4.40 per page, $5.10 on a 14 -day basis and $7.30 for a next day

transcript.[3]  On review, the Court concludes that the $5.00 per page transcript fee taxed by the Clerk is reasonable.

CONCLUSION

The motion for deposition-related expert fees pursuant to Rule 26(b)((4)(E) is GRANTED in the amount of $1,625.  The Clerk shall amend the judgment to reflect the award.

The Court concludes that plaintiff should not be taxed for defendant's pro hac admission fees.  The Clerk is directed to modify the taxation of costs to the total amount of $1,405.00.  The Clerk's taxation of costs otherwise remains unmodified.

The Clerk is respectfully requested to terminate the motions at ECF 60 & 65.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 25, 2025

---

[3] https://www.uscourts. gov/court-programs/federal-court-reporting-program (last accessed August 20, 2025.)